UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DELVANTE JONES, | |
| Petitioner, | |
| v. | CAUSE NO. 3:20-CV-485-MGG |
| WARDEN, | |
| Respondent. | |

OPINION AND ORDER

Delvante Jones, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 to challenge his conviction for murder under Case No. 49G02-1209-MR-61054. Following a jury trial, on October 29, 2014, the Marion Superior Court sentenced Jones to fifty-five years of incarceration. On October 28, 2015, the Indiana Supreme Court denied the petition to transfer on direct appeal. On September 28, 2016, Jones filed a petition for post-conviction relief, which the Marion Superior Court denied on May 15, 2018. On January 22, 2020, the Indiana Court of Appeals dismissed the appeal of the denial of the petition for post-conviction relief as untimely, and, on April 7, 2020, the Indiana Supreme Court denied his petition to transfer.

On June 12, 2020, Jones filed the habeas petition initiating this case. In the petition, Jones asserts that he is entitled to habeas relief because he received ineffective assistance of trial counsel and appellate counsel. Jones also asserts that he is entitled to habeas relief because the Marion Superior Court did not subpoena his former counsel for an evidentiary hearing during post-conviction proceedings. Procedural errors

during State post-conviction proceedings are not a cognizable basis for habeas relief because there is no constitutional right to such proceedings. *See Pennsylvania v. Finley*, 481 U.S. 551, 557 (1987); *Tabb v. Christianson*, 855 F.3d 757, 767 (7th Cir. 2017). Therefore, this claim is not a basis for habeas relief.

## TIMELINESS

The Warden argues that the petition is untimely. The statute of limitations for habeas corpus cases is set forth in 28 U.S.C. § 2244(d), which provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Based upon review of the record, the limitations period began to run in this case from the date on which the judgment became final pursuant to Section 2254(d)(1)(A). On October 28, 2015, the Indiana Supreme Court denied the petition to transfer on direct appeal (ECF 11-2), so Jones' conviction became final when the time for petitioning the Supreme Court of the United States for a writ of certiorari expired on January 26, 2016. *See* U.S. Sup. Ct. R. 13(1) (petition for writs of certiorari must filed within 90 days after entry of judgment); *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009) (when a state prisoner does not petition the Supreme Court of the United States on direct appeal, his conviction becomes final when the time for filing a petition expires). Two hundred forty-six days later, on September 28, 2016, Jones filed a petition for post-conviction relief, which tolled the limitations period until the Marion Superior Court denied it on May 15, 2018, and Jones did not file a timely appeal.[1] ECF 11-7; ECF 11-11. The limitations period expired one hundred nineteen days later on September 11, 2018. Jones did not file the habeas petition until June 12, 2020, (ECF 2), so the habeas petition is untimely

Jones argues that the untimely nature of the petition should be excused under the equitable tolling doctrine because he received delayed notice of the order denying the petition for post-conviction relief from the Marion Superior Court, which caused the

---

[1] The court has considered whether Jones' unsuccessful efforts to appeal the denial of post-conviction relief tolled the limitations period as a "properly filed application" pursuant to 28 U.S.C. § 2244(d)(2). To assess whether an application is "properly filed," the Seventh Circuit has articulated, "If [the State courts] considered the claim on the merits, it was properly filed; if they dismissed it for procedural flaws such as untimeliness, then it was not properly filed." *Freeman v. Page*, 208 F.3d 572, 576 (7th Cir. 2000). The Indiana Court of Appeals found that the appeal was untimely and declined to excuse the untimeliness. ECF 11-11.

untimely nature of his appeal to the Indiana Court of Appeals. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Fla.*, 560 U.S. 631, 649 (2010). Petitioners must show reasonable diligence in pursuing their rights throughout the federal limitations period and until the date the habeas petition is filed. *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). Whether to apply equitable tolling to a particular case is a matter for the court's discretion. *Mayberry v. Dittmann*, 904 F.3d 525, 530 (7th Cir. 2018); *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013). "Although not a chimera—something that exists only in the imagination, equitable tolling is an extraordinary remedy that is rarely granted." *Carpenter*, 840 F.3d at 870.

The delayed notice may have prevented Jones from filing a timely appeal, but the record contains no indication that it prevented Jones from filing a timely habeas petition in federal court. Though Jones does not identify when he received notice, he had necessarily received it by the time he filed a belated motion to correct the error in the order denying post-conviction relief on July 31, 2018. ECF 11-9 at 4. At this time, Jones had sufficient information to discern that the timeliness of his appeal was questionable and that the federal limitations period had nearly elapsed, so he could have also filed a timely habeas petition in federal court. *See Powell v. Davis*, 415 F.3d 722, 728 (7th Cir. 2005) ("[A] prisoner seeking state postconviction relief in circumstances where the operation of the limitations period is unclear may file a protective petition in federal court and ask the federal court to stay and abey the federal habeas proceedings until

4

state remedies are exhausted.") (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005)). The court recognizes that Jones did not have the assistance of counsel during this critical period and so may have been unaware of the intricacies of the federal habeas procedure, but lack of counsel does not constitute an extraordinary circumstance for purposes of equitable tolling. *Arrieta v. Battaglia*, 461 F.3d 861, 867 (7th Cir. 2006) ("Mistakes of law or ignorance of proper legal procedures are not extraordinary circumstances warranting invocation of the doctrine of equitable tolling."); *Williams v. Sims*, 390 F.3d 958, 963 (7th Cir. 2004) ("[E]ven reasonable mistakes of law are not a basis for equitable tolling. This is the general rule, and it has been applied repeatedly to pro se habeas corpus petitioners.").

In sum, Jones has not demonstrated an extraordinary circumstance that prevented him from timely filing. Therefore, the court declines to excuse the untimely nature of the petition with equitable tolling and denies the petition as untimely.

## CERTIFICATE OF APPEALABILITY

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when the court dismisses a petition on procedural grounds, the petitioner must show that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, there is no basis for finding that jurists of reason would debate the correctness of this

procedural ruling, so there is no basis for encouraging Jones to proceed further in federal court.

    For these reasons, the court:

    (1) DISMISSES the petition (ECF 2) because it is untimely;

    (2) DENIES Delvante Jones, a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

    (3) DIRECTS the clerk to close this case.

    SO ORDERED on October 6, 2021

                                    s/Michael G. Gotsch, Sr.
                                    Michael G. Gotsch, Sr.
                                    United States Magistrate Judge